UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESIREE S.,

                                  **Plaintiff,**

  vs.                                                         3:22-CV-985
                                                                     (MAD/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                                  **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**OLINSKY LAW GROUP**                    **CHELSEA WILLIAMS RENGEL, ESQ.**
250 South Clinton Street, Suite 210      **HOWARD D. OLINSKY, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMIN.**           **GEOFFREY M. PETERS, ESQ.**
**OFFICE OF GENERAL COUNSEL**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On March 26, 2015, Plaintiff Desiree S. applied for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, alleging disability beginning on April 16, 2013. *See* Dkt. No. 10 at 1. Plaintiff's application was denied initially, and she requested a hearing before an Administrative Law Judge ("ALJ"). On September 8, 2017, ALJ Elizabeth W. Koennecke issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act and denying Plaintiff's claim for benefits. *See* Dkt. No. 9 at 11. On August 21, 2019, the Social Security Appeals Council ("Appeals Council") vacated and remanded

1

ALJ Koennecke's decision for further consideration. *See id.* On October 1, 2019, ALJ Koennecke issued a second unfavorable decision, finding that Plaintiff was not disabled during the relevant period and not entitled to SSI. *See id.*

The Appeals Council vacated and remanded ALK Koennecke's second decision on February 10, 2021, and directed that it be assigned to a different ALJ. *See id.* On June 16, 2021, ALJ Kenneth Theurer held an administrative hearing, following which ALJ Theurer issued an unfavorable decision, finding that Plaintiff was not disabled during the relevant time period. *See id.* On July 25, 2022, ALJ Theurer's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See id.* at 1.

On September 19, 2022, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner's decision. *See* Dkt. No. 10 at 5. In a Report-Recommendation dated September 8, 2023 (the "Report-Recommendation"), Magistrate Judge Peebles recommended (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be remanded for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). *See* Dkt. No. 19.

Neither party has filed objections to the Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments presented to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); see also *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face

2

of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (quotation and citations omitted). After the appropriate review, "[T]he court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. As Magistrate Judge Peebles found, remand is warranted in this case because ALJ Theurer (1) placed disproportionate weight on Plaintiff's lack of medical treatment, *see Kelly Ann G. v. Comm'r of Soc. Sec.*, No. 20-CV-1013, 2022 WL 160266, *9 (N.D.N.Y. Jan. 18, 2022) ("[f]aulting a person with diagnosed mental illness for failing to pursue mental health treatment is a 'questionable practice'") (quoting *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 207 (N.D.N.Y. 2012)); and (2) failed to conduct a proper assessment, with sufficient reasons supported by substantial evidence, of Plaintiff's subjective reports of symptoms in accordance with the applicable regulations. *See* Dkt. No. 10.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peeble's September 8, 2023 Report-Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that the Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED,** pursuant to sentence four of 42 U.S.C. § 405(g), for further

proceedings consistent with this Order and Magistrate Judge Peeble's Report-Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 10, 2023
 Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge